EXHIBIT A

[SETTLEMENT AGREEMENT]

1
2
3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

GIUSEPPE DIPALMA, on behalf of himself,
FLSA Collective Plaintiffs and the Class,

                           Plaintiff,

          -against-

NEW RESTART INC. d/b/a TAORMINA,
NEW ORGANICO INC. d/b/a ORGANIKA,
SUD123 INCORPORATED d/b/a CIAO,
LOCAL 92 INC. d/b/a LOCAL 92,
MARCELLO
ASSANTE DICUPILLO, ZEHUA
DICUPILLO
and ZEHAVA AMIEL ,

                        Defendants.

Civil Action No.: CV 15-9753

Freeman, M. J.

-----------------------------------------------------------x

4

5

**SETTLEMENT AGREEMENT AND RELEASE**

6      This Settlement Agreement and Release (the "Agreement") is entered into by and
7 between Defendants New Restart Inc., New Organico Inc., SUD123 Incorporated, Local
8 92 Inc. (collectively, "Corporate Defendants"), and Marcello Assante Dicupillo and
9 Zehava Amiel (also sued herein as Zehua Dicupillo) (collectively, "Individual
10 Defendants") (the Corporate Defendants and Individual Defendants shall be referred to
11 collectively herein as "Defendants") and Giuseppe DiPalma (the "Plaintiff"),
12 individually and on behalf of a putative class he seeks to represent ("Class") in the matter
13 *Dipalma v. New Restart Inc., et al.* (Plaintiff and Defendants are collectively referred to
14 herein as the "Parties").

15 **1.     RECITALS AND BACKGROUND**

16      WHEREAS, on December 14, 2015, a putative Class and Collective Action
17 Complaint was filed by Plaintiff Giuseppe DiPalma against Defendants under the Fair
18 Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York State Labor
19 Law ("NYLL") for the alleged failure to pay certain wage amounts, overtime, and related
20 damages and penalties to Plaintiff and the Class (the "Litigation");
21
22      WHEREAS, on May 27, 2016 Defendants filed their respective answers to the
23 Complaint.

1

WHEREAS, the purpose of this Agreement is to settle fully and finally all Released FLSA Claims and Released Rule 23 Class Claims, between Plaintiff, the Class and Defendants, including but not limited to all claims asserted in the Litigation;

WHEREAS, Defendants denied and continue to deny all of the allegations made by or on behalf of Plaintiff or Class Members in the Litigation, and deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation;

WHEREAS, without acknowledging, admitting, or conceding that class and collective certification is warranted, without further acknowledging, admitting, or conceding any liability or damages whatsoever, Defendants agreed to settle the Litigation, on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation; and

WHEREAS, Plaintiff's Counsel analyzed and evaluated the merits of the claims made against Defendants and the impact of this Agreement on Plaintiff and Class Members of the putative collective and class action, including but not limited to engaging in written discovery, and based upon its analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including but not limited to the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, might result in a recovery that is less favorable and that would not occur for several years, or the ability to collect on a judgment, Plaintiff's Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Plaintiff and Class Members.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1.    DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

**1.1    Agreement.** "Agreement" means this Settlement Agreement and Release.

**1.2    Authorized Claimant.** A Class Member who does not opt-out of the proposed settlement thus becomes entitled to receive an Individual Settlement Allocation.

**1.3    Bar Date.** The date by which any Class Member who wishes to opt-out of the settlement must postmark and submit an Opt-out Statement, which date shall be no later than forty-five (45) days after the initial mailing of Notice by the Settlement Administrator.

1    **1.4**    **Class Counsel.** "Class Counsel" or "Plaintiff's Counsel" shall mean C.K. Lee,
2             Esq., Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor
3             New York, NY 10016.

4    **1.5**    **Class Members.** "Class Members" shall mean the named Plaintiff and
5             approximately 250 current and former employees of the Corporate Defendants
6             who performed work as non-exempt employees employed at New Restart, Inc.
7             d/b/a Taormina and Sud123, Inc. d/b/a Ciao in Manhattan, from December 14,
8             2009 through the date of complete execution of this Agreement.   Class
9             Members are treated as a class for the purposes of settlement only.

10    **1.6**    **Class List.** A list of all Class Members, identified by: (i) name; (ii) last known
11            address and telephone number; (iii) dates of employment; (iv) restaurant location,
12            and (v), that Defendants shall provide to Class Counsel and the Settlement
13            Administrator.  The Class List is to be used by Class Counsel and Settlement
14            Administrator to effectuate settlement, and may not be used for any other purpose.
15            If the Class List exceeds 250 individuals, then the parties will refer to mediator
16            Martin Scheinman for resolution.

17    **1.7**    **Court.** "Court" means the United States District Court for the Southern District
18            of New York.

19    **1.8**    **Days.** "Days" means business days if the specified number is less than 5, and
20            calendar days if the specified number is 5 or greater.

21    **1.9**    **Defendants' Counsel.** "Defendants' Counsel" shall mean Felice B. Ekelman,
22            Esq. and Douglas J. Klein, Esq., Jackson Lewis P.C., 666 Third Avenue, 29th
23            Floor, New York, New York 10017.

24    **1.10**    **Fairness Hearing**. "Fairness Hearing" means the hearing before the Court
25            relating to the Motion for Final Approval.
26
27    **1.11**    **Final Approval Order**. "Final Approval Order" means the Order entered by the
28            Court after the Fairness Hearing, approving the terms and conditions of this
29            Agreement, distribution of the Settlement Checks and Service Awards, and
30            Dismissal of the Litigation with prejudice.
31
32    **1.12**    **Final Effective Date.** "Final Effective Date" shall be the first date after (1) the
33            Court has entered a Final Approval Order approving this settlement and the Gross
34            Settlement Fund has been fully funded by Defendants; (2) the Court has entered
35            the judgment as provided in Section 2.9 of this Agreement; and (3) the time to
36            appeal from the Final Approval Order has expired and no notice of appeal has
37            been filed or, if a notice of appeal is filed, the latest of the following, if applicable,
38            has occurred: (a) any appeal from the Final Approval Order has been finally
39            dismissed; (b) the Final Approval Order has been affirmed on appeal in a form
40            substantially identical to the form of the Final Approval Order entered by the
41            Court; (c) the time to petition for review with respect to any appellate decision

affirming the Final Approval Order has expired; and (d) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed or, if granted, has resulted in affirmance of the Final Approval Order in a form substantially identical to the form of the Final Approval Order entered by the Court.

**1.13**  **Individual Settlement Allocation.**  "Individual Settlement Allocation" shall mean the amount payable to each Authorized Claimant pursuant to Section 3.5 of this Agreement.

**1.14**  **Released Rule 23 Class Claims.** "Released Rule 23 Class Claims" means all claims, rights, liens, demands, damages, penalties, fines, wages, liquidated damages, restitutionary amounts, attorneys' fees and costs, punitive damages, controversies, and liabilities (including but not limited to participation to any extent in any class or collective action) related to any wage and hour claims that have been or could have been asserted under New York State law by or on behalf of Class Members against the Released Parties, excluding Class Members who opt-out of the settlement, for the period December 14, 2009 through the date of complete execution of this Agreement, including but not limited to under the New York State Labor Law.  The Parties expressly acknowledge that the Released Rule 23 Class Claims are intended to include and do include without limitation all such claims which Class Members, excluding Class Members who opt-out of the settlement, do not know or suspect to exist in their favor against the Released Parties relating to the Released Rule 23 Class Claims and that this Agreement expressly contemplates the extinguishment of any and all such claims.

**1.15**  **Released FLSA Claims.** "Released FLSA Claims" means all claims, rights, liens, demands, damages, penalties, fines, wages, liquidated damages, restitutionary amounts, attorneys' fees and costs, punitive damages, controversies, and liabilities (including but not limited to participation to any extent in any class or collective action) related to any wage and hour claims that have been or could have been asserted under federal law by or on behalf of Authorized Claimants against the Released Parties, in the Litigation for the period December 14, 2012 through the date of complete execution of this Agreement, including but not limited to under the Fair Labor Standards Act.  The Parties expressly acknowledge that the Released FLSA Claims are intended to include and do include without limitation all such claims which Authorized Claimants do not know or suspect to exist in their favor against the Released Parties relating to the Released FLSA Claims and that this Agreement expressly contemplates the extinguishment of any such claims.

**1.16**  **Released Parties**. "Released Parties" means Defendants and any of their former and present officers, directors, controlling equityholders, owners, equity holders, managers, affiliates, parents, predecessors, subsidiaries, agents, employees, insurers, co-insurers, re-insurers, attorneys, accountants, auditors, advisors,

representatives, consultants, administrators, trustees, general and limited partners, heirs and/or assigns.

**1.17   Gross Settlement Fund.**   "Gross Settlement Fund" refers to the maximum payment of $525,000 exclusive of Employer taxes, the amount Defendants have agreed to pay to the Settlement Administrator pursuant to this Agreement to fully resolve and satisfy any claim for attorneys' fees, expenses and costs approved by the Court, administration fees, any and all amounts to be paid to Authorized Claimants, and any Court-approved Service Awards to Named Plaintiff.   The Gross Settlement Fund shall be derived as follows: a maximum payment of $450,000 from New Restart, Inc. d/b/a Taormina; and a maximum payment of, $75,000 from Sud 123, Inc. d/b/a Ciao.

**1.18   Named Plaintiff.**   "Named Plaintiff" refers to Giuseppe DiPalma.

**1.19   Notice or Notices**.   "Notice" or "Notices" means the Court–approved Notices of Proposed Settlement of Class Action and Collective Action Lawsuit including but not limited to notice of an opportunity to opt-out and/or object to the proposed Settlement, attached hereto as **Exhibit A**.

**1.20   Objector.**   "Objector" means an individual who properly files an objection to this Agreement, in accordance with the terms and conditions set forth herein and applicable law, and does not include any individual who opts-out of this Agreement.

**1.21   Opt-out Statement.**   "Opt-out Statement" is a written, dated, and signed statement that an individual Class Member has decided to opt-out and not be included in the settlement as set forth in this Agreement.

**1.22   Preliminary Approval Order.**   "Preliminary Approval Order" means the Order entered by the Court: (i) preliminarily approving the terms and conditions of this Agreement and (ii) directing the manner and timing of providing Notices to the Class Members.

**1.23   Settlement Administrator.**   The "Settlement Administrator" refers to Advanced Litigation Strategies, LLC, a third party administrator under common control of Plaintiff's counsel, who will mail the Notices, administer the allocation, and distribute the payment of legal fees and expenses and that portion of the Gross Settlement Fund as determined by the number of Authorized Claimants in this matter.   The Settlement Administrator's fees of $25,000 shall be paid from the Gross Settlement Fund. For settlement purposes only, Defendants will not contest the administration fees.

**1.24   Settlement Checks.**   "Settlement Checks" means checks issued to Class Members for their share of the Gross Settlement Fund calculated in accordance with this Agreement.

1   **2.      INITIAL PROCEDURAL ISSUES**

2   **2.1     Binding Agreement.**  This Agreement is a binding agreement and contains all
3           material agreed-upon terms.

4   **2.2     Retention of the Settlement Administrator.**  Within five (5) days after the filing
5           of a Motion for Preliminary Approval, Class Counsel shall retain the Settlement
6           Administrator.

7   **2.3     Responsibilities of Settlement Administrator.**  The Settlement Administrator
8           shall be responsible for:  (i) preparing, printing and disseminating to Class
9           Members the Class Notice; (ii) promptly and simultaneously copying counsel for
10          all Parties on all correspondence and promptly and simultaneously notifying all
11          counsel for the Parties of any requests or communications made by any Party; (iii)
12          promptly, no later than two (2) days after receipt, furnishing to counsel for the
13          Parties copies of any requests for exclusion, objections or other written or
14          electronic communications from Class Members which the Settlement
15          Administrator receives; (iv) receiving and reviewing the Opt-out Statements
16          submitted by Class Members; (v) keeping track of requests for exclusion
17          including but not limited to maintaining the original mailing envelope in which
18          the request was mailed; (vi) calculating distribution amounts to Class Members;
19          (vii) mailing the settlement checks to Authorized Claimants; (viii) providing
20          Defense Counsel on a bi-weekly basis updates as to the status of any mailings and
21          responses , including with regard to opt-ins or opt-outs, objections, returned
22          mailings and information about settlement checks cashed; and (ix) within two (2)
23          days after the last date any Authorized Claimant is permitted to cash a settlement
24          check under this Agreement, providing a final report detailing the results of the
25          class mailings and participation to Defendants' counsel.

26          The Settlement Administrator shall implement and maintain reasonable and
27          appropriate security measures and safeguards to protect the security of monies
28          and confidentiality of data provided to it in connection with its obligations under
29          this Agreement.  Should the Settlement Administrator ever be notified of any
30          judicial order or other proceedings in which a third party seeks to obtain access to
31          the confidential data created by or for the Parties, the Settlement Administrator
32          will promptly notify the Party or Parties (as applicable), through counsel, unless
33          prohibited by applicable law.

34          In accordance with standard recognized banking procedures in the settlement
35          claims administration industry, the Settlement Administrator will establish a
36          demand deposit checking account (i.e. non-interest bearing) for funds received
37          related to distribution under this Agreement.

38          The Settlement Administrator shall retain all bank and tax documents for such
39          period of time as it determines is required to maintain compliance with various
40          federal and state requirements.

2.4 **Class Notice.** The Class Notice, a copy of which is attached hereto as **Exhibit A**, will inform Class Members about this Settlement and will also advise them of the opportunity to object to or opt-out, and/or to appear at the Fairness Hearing. Within thirty (30) days of the entry of the Preliminary Approval Order by the Court, the Settlement Administrator will mail to all Class Members, via First Class United States Mail, the Court–approved Notices. The Settlement Administrator will take all reasonable steps to obtain the correct address of any Class Members for whom a Notice is returned by the post office as undeliverable, and shall attempt one (1) re-mailing to any member of the Settlement Class for whom it obtains a more recent address, including, upon request to Defendants, using social security numbers to the extent they are in Defendants' records, to obtain better address information. The Settlement Administrator shall also mail a Class Notice to any Class Member who contacts the Settlement Administrator during the time period between the initial mailing of the Class Notice and the Bar Date and requests that their Class Notice be re-mailed. The Settlement Administrator will notify Class Counsel and Defendants' Counsel of any Notice sent to a Class Member that is returned as undeliverable after the first mailing, as well as any such Notice returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement.

2.5 **Preliminary Approval Motion.**

(A) Following the Parties' execution of this Agreement, Plaintiff's counsel will submit to Defendants' Counsel a draft Motion for Preliminary Settlement Approval, and allow Defendants a reasonable opportunity to review the terms of the memorandum of law to ensure that it is consistent with this Agreement.

(B) Class Counsel shall file the Motion for Preliminary Approval of this Agreement for purposes of resolving this matter according to the terms of this Agreement.

(C) In the Motion for Preliminary Approval, Class Counsel will inform the Court of the intended process to obtain a "Final Approval Order" and a "Judgment of Dismissal" that will, among other things, seek to: (1) approve the settlement as fair, adequate and reasonable; (2) incorporate the terms of the Release, as described herein; (3) dismiss the Litigation with prejudice; (4) award Class Counsel fees and costs; and (5) award a Service Award to the Named Plaintiff.

(D) The Preliminary Approval Motion also will seek the setting of a date for a Fairness Hearing for Final Approval of the settlement before the Court at the earliest practicable date following the Bar Date.

(E) If the Court denies Plaintiff's Motion for Preliminary Approval, the parties shall in good faith mutually work cooperatively to provide a supplement or amendment to the Court in due haste. If the Parties are unsuccessful,

the Litigation will resume as if no settlement had been attempted. Defendants retain the right to contest whether the Litigation should be maintained as a class action or collective action and to contest the merits of the claims being asserted in the Litigation.  In such case, the Settlement Administrator shall be entitled to Settlement Administrator's reasonable fees incurred to date.

(F)     The Parties will work together, diligently and in good faith, to expeditiously obtain a Preliminary Approval Order, Final Approval Order, and Final Judgment and Dismissal.

**2.6    Notice to Class Members**

(A)     Within ten (10) days of the filing of the Preliminary Approval Order, Defendants' Counsel will provide the Settlement Administrator the Class List in electronic form.  All information provided regarding the Class Members will be treated as confidential information by Class Counsel and the Settlement Administrator.  Said information will not be used by Class Counsel and the Settlement Administrator for any purpose other than to effectuate the terms of this settlement.  The Settlement Administrator shall send the Notices to Class Members pursuant to Section 2.4 above.

(B)     All information regarding Class Members provided to the Settlement Administrator and/or Class Counsel pursuant to this Agreement and during the course of this litigation shall be used by them for the sole purpose of communicating with Class Members regarding this settlement and for no other purpose in litigation or otherwise.

**2.7    Class Member Opt-outs.**

(A)     Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail, via First Class United States Mail, a written, signed statement to the Settlement Administrator that states he or she is opting out of the settlement, and include his or her name, address, and telephone numbers and statement indicating his or her intention to opt-out such as: "I opt out of the Taormina wage and hour settlement" ("Opt-out Statement"). To be effective, an Opt-out Statement must be post-marked by the Bar Date.

(B)     Class Members may not opt-out of the settlement after the Bar Date.

(C)     Within three (3) days of the Bar Date, Class Counsel will file with the Clerk of Court, copies of any Opt-out Statements and send a final list of all Opt-out Statements to Defendants' Counsel.

(D)     Any Class Member who opts out of the settlement will not be considered an Authorized Claimant and will not receive any Settlement Check.

(E)     Any Class Member who does not submit an Opt-out Statement pursuant to this Agreement will be deemed to have accepted the Settlement and the terms of this Agreement, will be bound by the Judgment in this case, and will have any Released Rule 23 Class Claims released with prejudice.

**2.8     Objections to Settlement.**

(A)     Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing.  To be considered, such objection must be mailed to the Settlement Administrator via First-Class United States Mail post-marked by the Bar Date.  The objection must include all reasons for the objection, and any supporting documentation. The statement must also include the name, address, and telephone numbers of the Objector making the objection.   The Settlement Administrator will stamp the date received on the original and send copies of each objection, supporting documents, as well as a copy of the Notice mailed to the Objector, to Class Counsel and Defendants' Counsel by email delivery no later than three (3) days after receipt of the objection. The Settlement Administrator will also file the date-stamped originals of any and all objections with the Court within three (3) days after the Bar Date.

(B)     Any such Objector also has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector.  An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections.  An Objector may withdraw his or her objections at any time.  No objection may be presented at the Fairness Hearing based on a reason not stated in an Objector's written objections.  A Class Member who has submitted an Opt-out Statement may not submit objections to the Settlement.

(C)     The Parties may file with the Court written responses to any filed objections no later than three (3) days before the Fairness Hearing.

**2.9     Fairness Hearing and Motion for Final Approval and Dismissal.**

Class Counsel will submit to the Court, subject to Defendants' Counsel's prior approval and consent: Motions for Final Approval of Settlement, Payment of Service Awards and Payment of Plaintiff's Counsel's Legal Fees and a Proposed Order Approving the Settlement and Dismissing the Litigation with prejudice ("Final Approval Order").  Defendants shall draft the Final Approval Order, with Class Counsel's input and consent.

At the Fairness Hearing and in the Motion for Final Approval and Dismissal, the Parties will request that the Court, among other things: (1) approve the settlement and Agreement as fair, reasonable, adequate, and binding on all Class Members

who have not timely opted out of the settlement; (2) order the Settlement Administrator to distribute Settlement Checks to the Class Members, including a Service Award, if any, to be paid to Named Plaintiff as described in this Agreement; (3) approve the payment of attorneys' fees and costs to Class Counsel; (4) approve the payment of fees to the Settlement Administrator; (5) order the dismissal with prejudice of all claims asserted in the litigation, including but not limited to the claims of all Class Members who did not opt-out, subject only to an application for relief under Fed. R. Civ. P. 60(b)(1), or 60(d) (6) order entry of Final Judgment in accordance with this Agreement; and (7) retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

The Court fails to enter a Final Approval Order in accordance with this Agreement, or if the Final Approval Order is set aside by appeal, the parties will resume the Litigation unless the parties jointly agree to: (1) seek reconsideration or appellate review of the decision denying Final Approval; or (2) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.

If any reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement is not approved, the Litigation will proceed as if no settlement had been attempted.

If the Court fails to enter a Final Approval Order, the Settlement Administrator will provide notice to Class Members that the Agreement did not receive Final Approval and that, as a result, no payments will be made to Class Members under the Agreement. The content of such notice shall be agreed to by the parties and such notice shall be mailed by the Settlement Administrator via First Class United States Mail, postage prepaid, to the addresses used by the Settlement Administrator in mailing the Notices.

The Final Approval Order will direct the Settlement Administrator to (1) provide verification to Class Counsel and Defendants' Counsel that it has distributed the Settlement Checks, (2) retain copies of all of the endorsed Settlement Checks with releases, and (3) provide Defendants' Counsel with the original or copies of the endorsed Settlement Checks in accordance with this Agreement and the Court's Final Approval Order.

**2.10    Mailing of Settlement Checks.**

After the Final Effective Date, the Settlement Administrator will make each distribution listed below in the following order. Each distribution will be made only at such time as the funds in the Settlement Administrator's escrow account are sufficient to cover the amount of that distribution. The Settlement Administrator shall provide Defendants, through their Counsel, with a written accounting of the Gross Settlement Fund amount in the Settlement Administrator's escrow account on or before the last day of each month following

the Final Effective Date until Defendants have satisfied all of their payment obligations under this Agreement.

(1)     Paying the Settlement Administrator's total fees.

(2)     Paying Class Counsel's Court-approved costs.

(3)     Paying Class Counsel's Court-approved attorneys' fees.

(4)     Paying Court-approved service award.

(5)     Paying Authorized Claimants their Individual Settlement Allocations.  Payments to Authorized Claimants shall be automatic and shall not require submission of any claim forms.

The first distribution to Class members pursuant to Section 2.10(5) shall occur by 20 months after the first installment payment by Defendants pursuant to Section 3.1(B)(i) or by the Final Effective Date, whichever is later (the "Initial Distribution"). No later than 30 days following the Initial Distribution and every thirty (30) days thereafter as needed, the Parties shall meet with mediator Marty Scheinman to discuss modification of the schedule for any remaining payments to the Settlement Fund due from Defendants.

**2.11    Effect of Failure To Grant Final Approval**

In the event the Court does not approve this Settlement, the Parties shall proceed as follows:

(a)     The Litigation will resume as if no settlement had been attempted unless: (1) the Parties jointly agree to seek reconsideration or appellate review of the decision denying entry of Judgment; or (2) the Parties jointly agree to attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.

(b)     In the event any reconsideration and/or appellate review is denied, the Parties shall have no further rights or obligations under this Agreement.

(c)     If the Parties do not jointly agree to seek reconsideration or appellate review of the decision denying entry of Judgment and/or a mutually agreeable settlement agreement cannot be reached by the parties, the Gross Settlement Fund shall be returned to Defendants' Counsel, less half of all reasonable administration fees actually incurred, within five (5) days of a court order denying final approval of the settlement.

(d)     If the Parties jointly agree to seek reconsideration and/or appellate review of the decision denying entry of Judgment and reconsideration and/or appellate review is denied, the Gross Settlement Fund shall be returned to Defendants' Counsel, less half of all reasonable administrative fees

actually incurred, within 5 days of a court order denying reconsideration and/or appellate review.

(e)   If the settlement is not approved, the case will proceed as if no settlement has been attempted. In that event, Defendants retain the right to contest whether this case should be maintained as a class or collective action, to contest the merits of the claims being asserted against them in the Litigation, and to assert their defenses.  Plaintiff likewise retains the right to seek certification of a class or collective action and shall have the opportunity to engage in further class and expert discovery in accordance with applicable law.

**2.12    Effect of Substantial Exclusions**

If more than 15% of the Class Members on the Class List choose to exclude themselves in writing from participating in the class settlement described under this Agreement, then Defendants shall have the option, to be exercised within 10 calendar days of the Bar Date, of revoking this Agreement and proceeding with the case as if no settlement has been attempted.  In that event, Defendants retain the right to contest whether this case should be maintained as a class or collective action, to contest the merits of the claims being asserted by Plaintiff in the Litigation, and to assert their defenses.  Plaintiff likewise retains the right to seek certification of a class or collective action and shall have the opportunity to engage in further class and expert discovery in accordance with applicable law.

**2.13    Effect of Non-Payment**

If the Gross Settlement Fund is not timely funded by Defendants, then Plaintiff shall immediately provide written notice (by email to ekelmanf@jacksonlewis.com and douglas.klein@jacksonlewis.com) of failure to pay to Defendants' counsel and Defendants shall have 10 days to cure after such written notice is provided. Thereafter, Plaintiff can elect to continue with the lawsuit as if no settlement was reached and Defendants agree that the claims of all class Members under the FLSA and NYLL are tolled to September 12, 2016.

**2.14    Confession of Judgment**

Concurrent with the execution of this Agreement, New Restart Inc., SUD123 Incorporated, Marcello Assante Dicupillo, and Zehava Amiel shall each execute a Confession of Judgment, in the sum of the outstanding Default Balance (as defined in Paragraph 3.1(B)(ii)), plus 100% of the Default Balance, the form of which is appended hereto as Exhibit B (for docketing in Federal Court), and Exhibit C (for docketing in State Court), which shall be executed and provided to Plaintiff's Counsel to be held in escrow to secure the payment obligations of the Defendants hereunder.  The amount of confessed judgment shall be reduced by amounts of the Gross Settlement Fund funded.  The Confessions of Judgment shall be maintained in Plaintiff's Counsel's (or the Settlement Administrator's)

escrow and shall not be filed unless the Defendants are given the Notice and Opportunity to Cure provided in Section 3.1(B)(ii) herein and fail to cure. Failure to cure within 10 days after receipt of the appropriate Notice and Opportunity to Cure provided herein constitutes a default. If there is no default by Defendants, Plaintiff's Counsel shall not file the Confessions of Judgment. Upon Defendants' final payment to the Gross Settlement Fund pursuant to Section 3.1(B)(i) herein, Plaintiff's Counsel shall return all Confessions of Judgment to Defendants' Counsel or destroy such documents and send written confirmation of same to Defendants' Counsel.

3. **SETTLEMENT TERMS**

3.1 **Settlement Amount.**

(A) Defendants agree to create the Gross Settlement Fund, which shall fully resolve and satisfy any claims for (i) attorneys' fees, expenses and costs approved by the Court, (ii) fees to the Settlement Administrator and (iii) all amounts to be paid to all Authorized Claimants for releasing claims as set forth herein, and any Court-approved Service Award.

(B) Defendants shall fund the Gross Settlement Fund in 37 monthly installments, as follows:

(i) $65,000 by February 28, 2018, or within ten (10) days of full execution of this Agreement, whichever is later. Thereafter, 36 monthly payments of $12,778 shall be made on or before the last business day of every month, beginning on or before the last business day of the month following the day the Court issues an Order granting preliminary approval of this. Defendants shall fund each such payment into an escrow account held by the Settlement Administrator. Defendants may prepay any of the 36 monthly installments if Defendants choose. To avoid unnecessary accrual of financing costs for Defendants due to Defendants limited financial resources, the parties agree to utilize the services of the mediator, Martin Scheinman, Esq., to discuss modification of the monthly payment schedule as set forth in this Agreement concerning whether full funding of the Gross Settlement Fund shall be necessary.

30 days after the Court So Orders the Final Approval Order, so long as there are sufficient funds, the funds may be distributed pursuant to Section 2.10. Notwithstanding the foregoing, the parties agree that an interim distribution payment to the Class Members, representing funds inclusive of the first twenty (20) monthly payments, shall be made.

(ii) In the event of a failure to make any timely payment as set forth in Section 3(B)(i) of this Agreement, Plaintiff's Counsel shall transmit, by email, a Notice to Cure to Felice B. Ekelman, Esq. (ekelmanf@jacksonlewis.com) and Douglas J. Klein, Esq.

(douglas.klein@jacksonlewis.com).   Defendants   shall   have   the opportunity to cure for 10 calendar days from receipt of such Notice and Opportunity to Cure.  If Defendants fail to make the outstanding payment to Plaintiff within 5 calendar days from receipt of such Notice and Opportunity to Cure, Defendants shall be in default of this Agreement. Upon such default, Plaintiff may file the Confessions of Judgment against Defendants with the appropriate County Clerk in New York State and the Clerk of the Court for the U.S. District Court for the Southern District of New York or any other entity.   Judgment shall be in the amount of $525,000, less a credit for all payments made hereunder (the "Default Balance"), plus 100% of the Default Balance, but in no event shall the amount under the Confessions of Judgment be reduced to below $50,000.

(C)   Any uncashed Settlement Checks or Service Award and all amounts remaining in the Gross Settlement Fund six months after the mailing of any checks pursuant to this Agreement shall revert to Defendants.   For purposes of this provision, the mailing date shall be deemed to be the date posted on the settlement checks.

**3.2   Settlement Amounts Payable as Attorneys' Fees, Expenses and Costs.**

(A)   At the Fairness Hearing and Motion for Final Approval, Class Counsel will petition the Court for an award of attorneys' fees of no more than 1/3 of the maximum Gross Settlement Amount ($175,000) plus additional costs and expenses to be paid out of the Gross Settlement Fund.  For settlement purposes only, Defendants will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court.   After payment of the approved attorneys' fees award and costs, Defendants shall have no additional liability for Class Counsel's attorneys' fees, expenses and costs.

(B)   The substance of Class Counsel's application for attorneys' fees, expenses and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation.  The outcome of any proceeding related to Class Counsel's application for attorneys' fees, expenses and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval.

**3.3   Service Award**

(A)   In return for services rendered to the Class Members, at the Fairness Hearing, Giuseppe DiPalma will apply to the Court to receive up to $30,000 as a Service Award.  For settlement purposes only, Defendants will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court.

(B)     The application for Service Award is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for Service Award will not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval or for Final Judgment and Dismissal.

(C)     Any reduction in Service Award shall automatically be applied to the Net Settlement Amount to be distributed to Class Members.

**3.4    Administration Fees**

(A)     In return for services rendered to the Class Members, the Settlement Administrator will apply to the Court for administration fees of $25,000. For settlement purposes only, Defendants will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court.

(B)     The application for administration fees, is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for administration fees will not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval or for Final Judgment and Dismissal.

(C)     Any reduction in administration fees shall automatically be applied to the Net Settlement Amount to be distributed to Class Members.

**3.5    Net Settlement Fund and Allocation to Class Members.**

(A)     After deduction of all court-approved service awards, fees, expenses and costs from the Gross Settlement Fund (the "Net Settlement Amount"), Individual Settlement Allocations will be computed based on the number of workweeks worked by such Class Members during the Class Period. The Settlement Allocations shall be made in accordance with the dates of employment set forth in the confidential document provided by Defendants' Counsel.

(B)     The employer's portion, if any, of employment taxes shall be borne by Defendants and not from the Gross Settlement Fund. Settlement payments to Class Members as identified in paragraph 3.5(A) from Defendants will be deemed 75% non-wage liquidated damages subject to 1099 reporting; and 25% W-2 earnings. The Service Award will be considered 1099 non-wage income. A 1099 shall be issued to Plaintiff's counsel for tax reporting purposes.

1   **4.      RELEASE**

2   **4.1    Release of Claims.**

3           (A)     By operation of the entry of the Judgment and Final Approval, and except
4                   as to such rights or claims as may be created by this Agreement each
5                   individual Class Member who does not timely opt-out pursuant to this
6                   Agreement forever and fully releases Released Parties from Released Rule
7                   23 Class Claims.

8           (B)     By operation of the entry of the Judgment and Final Approval, and except
9                   as to such rights or claims as may be created by this Agreement, each
10                  individual Authorized Claimant who endorses and deposits their
11                  Settlement Check forever and fully releases Released Parties from all
12                  Released FLSA Claims.  The back of each check shall bear the following
13                  legend:

14                  "By my endorsement of this check, I opt into the lawsuit S.D.N.Y. 15-cv-
15                  9753, for settlement purposes only, and release all of my claims as
16                  described in the class settlement agreement."

17          (C)     In addition to the waiver and release contained in Sections 4.1(A)-(B)
18                  above, and in consideration for the payment(s) received under Section
19                  3.3(A), Named Plaintiff, his heirs, executors, administrators, successors
20                  and assigns, voluntarily releases and forever discharges Defendants, and
21                  any of their owners, subsidiaries, divisions, affiliated entities, agents,
22                  officers, principals, trustees, administrators, executors, attorneys,
23                  employees, former employees, insurers, predecessors, successors and
24                  assigns, both individually and in their official capacities (collectively
25                  "Releasees") of and from any actions, causes of action, suits, debts, dues,
26                  sums of money, accounts, reckonings, bonds, bills, specialties, covenants,
27                  contracts, controversies, agreements, promises, judgments, obligations,
28                  union grievances, claims, charges, complaints, appeals and demands
29                  whatsoever, in law or equity, which he may have against Releasees as of
30                  the date of execution of this Agreement, whether known or unknown,
31                  asserted or unasserted, including, but not limited to, any alleged violation
32                  of: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.;
33                  the Age Discrimination in Employment Act, the Civil Rights Act of 1991,
34                  Pub. L. No. 102-166, Sections 1981 through 1988 of Title 42 of the United
35                  States Code, 42 U.S.C. §§ 1981-1988; the Fair Labor Standards Act of
36                  1938, 29 U.S.C. § 201 et seq.; the Occupational Safety and Health Act of
37                  1970, 29 U.S.C. § 651 et seq.; the Immigration Reform and Control Act,
38                  as amended; the Workers Adjustment Retraining Notification Act, as
39                  amended; the Family and Medical Leave Act; the New York City
40                  Administrative Code; the New York State Human Rights Law, New York
41                  Executive Law § 290 et seq.; the New York Civil Rights Law, New York
42                  Civil Rights Law § 1 et seq.; Article 6 of the New York Labor Law, New

York Labor Law § 190 et seq.; the New York occupational safety and health laws; any other federal, state, city or local human rights, civil rights, wage-hour, wage-payment, pension, employee benefits, labor or other laws, rules, regulations and/or guidelines, constitutions or ordinances; any contract (whether oral or written, express or implied) or tort laws; any claim arising under the common law; any other claim for unpaid wages, employment discrimination, retaliation, wrongful termination, constructive discharge, pain and suffering, mental anguish, intentional and/or negligent infliction of emotional distress; any claim for costs, fees, or other expenses, including attorneys' fees or any other action against Releasees, based upon any conduct occurring up to and including the date of Plaintiff's execution of this Agreement.

(D)  Except as provided in this Agreement, upon payment of the Attorneys' fees, expenses, and costs approved by the Court, Class Counsel and Plaintiff, on behalf of the Class Members and each individual Class Member, hereby irrevocably and unconditionally releases, acquits, and forever discharges any claim that the Class Member may have against Released Parties for attorneys' fees or costs associated with Class Counsel's representation of the Class Members. Class Counsel further understands and agrees that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees, expenses and costs associated with Class Counsel's representation in the Litigation.

(E)  The Parties agree that it is their intent that the resolution set forth in this Agreement will release any further attempt, by lawsuit, administrative claim or action, arbitration, demand, or other action of any kind by each and all Authorized Claimants including but not limited to participation to any extent in any class or collective action, to obtain a recovery against the Released Parties based on each and all Released FLSA Claims and Released Rule 23 Class Claims, including but not limited to the allegations in the Litigation.

(F)  Authorized Claimants agree that, with respect to the Released FLSA Claims and Released Rule 23 Class Claims, they will not affirmatively join, opt in to, or participate as a party plaintiff in any claim under the FLSA or state or local wage and hour law against the Released Parties, and that they will elect to opt out of any action under the FLSA or state or local wage and hour law against the Released Parties of which they are involuntarily made members or participants either at the time they receive notice of the right to opt out or such time as this Covenant Not to Sue is brought to their attention. Moreover, Authorized Claimants agree that they may not reinstate the Litigation.

**4.2    Denial of Liability & Non-Publication.**

(A) Defendants have agreed to the terms of this Agreement without in any way acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of Defendants' business due to the pendency and expense of litigation. Nothing in this Agreement shall be deemed or used as an admission of liability by Defendants, nor as an admission that a class or collective action class should be certified for any purpose other than settlement purposes.

(B) Class Counsel, the Settlement Administrator, Named Plaintiff and Authorized Claimants agree that they will not in any manner publicize the terms of this Agreement, which includes notifying any member of the media regarding the terms and conditions of the settlement and posting or disseminating the terms and conditions of the settlement on any social media (including Facebook, Twitter, Instagram, Law 360 or similar media outlets) or Class Counsel's website.   Such prohibition extends to dissemination of any information, whether oral, electronic or in any document form including but not limited to providing copies of this Agreement, and information regarding the terms of this Agreement. Dissemination of this Agreement and the terms set forth herein shall be limited to filing documents with the Court, as is necessary to effectuate the Agreement, or as may be required by law, governmental agency, for tax purposes, or pursuant to subpoena or Court Order. Class Counsel, Named Plaintiff and Authorized Claimants may state that the matter has been settled to the satisfaction of the Parties.

5.   **INTERPRETATION AND ENFORCEMENT**

**5.1   Cooperation Between the Parties; Further Acts**.  The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms.  Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**5.2   Confidentiality.**   The Parties and Plaintiff's Counsel agree to maintain the confidentiality of any documents and information produced, formally or informally, during the course of the Litigation, and no such documents or information shall be used for any other purpose in the future.

**5.3   No Assignment.**   Class Counsel and Named Plaintiff, on behalf of the individual Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

**5.4    Entire Agreement.**   This Agreement, and any documents executed contemporaneously as part of this Settlement which explicitly state an intention to be incorporated herein, constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**5.5    Binding Effect.**   This Agreement shall be binding upon the Parties and, with respect to Named Plaintiff and all Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

**5.6    Arms' Length Transaction; Materiality of Terms.**   The Parties have negotiated all the terms and conditions of this Agreement at arms' length.   All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**5.7    Captions.**   The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**5.8    Construction.**   The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.   Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

**5.9    Severability.**   If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

**5.10   Governing Law.**   This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**5.11   Continuing Jurisdiction.**   The Parties agree to the continuing jurisdiction of the Court and shall request the Court to retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

**5.12   Waivers, etc. to Be in Writing.**   No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or by Class Counsel and Defendants' Counsel on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment,

subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**5.13**  **When Agreement Becomes Effective; Counterparts.**  This Agreement shall become effective upon its full execution and approval by the Court.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**5.14**  **Binding Authority of Counsel**. Counsel hereby represent that they are fully authorized to bind the Parties they represent to the terms and conditions hereof and that they have retainer agreements and/or authorizations to execute this Agreement on their behalf.

**5.15**  **Signatures.**  This Agreement is valid and binding if signed by the Parties' authorized representatives.

**5.16**  **Facsimile and Email Signatures.**  Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

1  **WE AGREE TO THESE TERMS, I AFFIRM THAT THE MEANING, EFFECT**
2  **AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO**
3  **ME AND TRANSLATED INTO MY PRIMARY LANGUAGE OTHER THAN**
4  **ENGLISH, IF NECESSARY.**
5
6
7                                    GIUSEPPE DIPALMA
8
9  Sworn to before me
10 this 21ST day of March , 2018
11                              Notary Public
12                              State of New York
                               County of New York
13 Notary Public   Saeyun Angela Kwon
                    02KW6341055
14                  Expires 5/2/2020
15 **As to Agreement provisions pertaining to the Settlement Claims Administrator**
16
17                              ADVANCED LITIGATION STRATEGIES, LLC
18
19
20
21 3-26-18
22 Date                           By :                Lee
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

NEW RESTART INC.

By:

Date: 1/5/18

NEW ORGANICO INC.

By:

Date: 1/5/18

SUD 123 INCORPORATED

By:

Date: 1/5/18

LOCAL 92 INC.

By:

Date: 1/5/18

MARCELLO ASSANTE DICUPILLO

Date: 1/5/18

ZEHAVA AMIEL

Date: 1/5/18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51
52
53
54

EXHIBIT A


[Form of Notice]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————————
GIUSEPPE DIPALMA,
on behalf of himself,
FLSA Collective Plaintiffs and the Class,

                         Plaintiff,                    Case No.: CV-15-9753

                                             **NOTICE OF PROPOSED**
                                             **CLASS ACTION SETTLEMENT**

                        v.

NEW RESTART INC. d/b/a TAORMINA,
NEW ORGANICO INC. d/b/a ORGANIKA,
SUD123 INCORPORATED d/b/a CIAO,
LOCAL 92 INC. d/b/a LOCAL 92, MARCELLO
ASSANTE DICUPILLO, ZEHUA DICUPILLO
and ZEHAVA AMIEL,

                          Defendants.
————————————————————————

> **If you were employed by New Restart Inc., New Organico Inc., Sud123 Incorporated, Local 92 Inc. (including the individually named defendants "Defendants") as an employee at either Taormina restaurant or Ciao restaurant in Manhattan from December 14, 2008 to March 26, 2018, please read this Notice.**

DATED:        **[_____, 2018]**

## PLEASE READ THIS NOTICE CAREFULLY

**This Notice relates to a proposed settlement of a class and collective action litigation. It has been authorized by a federal court. It contains important information as to your right to participate in the settlement, make a claim for payment or elect not to be included in the class.**

### Introduction

A former employee of Defendants, Giuseppe DiPalma, filed a lawsuit for allegedly unpaid wages and overtime premiums, and other claimed damages against Defendants. The Court in charge of this case is the United States District Court for the Southern District of New York. The lawsuit

is known as *Dipalma v. New Restart, Inc., et al.* The person who filed the lawsuit is called the Plaintiff. Plaintiff alleges in the lawsuit that, among other things, Defendants failed to pay him and other employees the proper minimum wage and overtime in violation of the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL"). Defendants deny the Plaintiff's allegations. It is Defendants' position that they properly compensated Plaintiff and other employees. The Court has made no ruling on the merits of Plaintiff's allegations.

Although Defendants deny that they are liable or owe damages to anyone, Defendants have concluded that it is in their best interests to resolve Plaintiff's claims on behalf of Plaintiff and other employees. Accordingly, Plaintiff and Defendants have agreed to settle the action. Defendants have agreed to pay up to $525,000 to cover the claims of all of the employees in this case as well as expenses such as attorneys' fees. The Court has not decided who is right and who is wrong. Your legal rights may be affected, and you have a choice to make now. These rights and options are summarized below and fully explained in this Notice.

Based on the Settlement Administrator's calculation, a Class Member will receive approximately $[_____] for each week worked during the relevant statutory period.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **DO NOTHING** | If you choose to participate in the settlement, you do not have to do anything. Once the settlement is approved by the Court, you will automatically receive your allocated settlement amount. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt-out") from the lawsuit you must follow the directions outlined in response to question 7 below. |
| **OBJECT** | If you wish to object to the settlement, you may write to the Court about why you believe the settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the settlement for claims under New York Law unless you submit a valid and timely opt-out form. You will not be bound by the settlement if you opt-out of this action as described herein. If you object you may appear at the Fairness Hearing to speak to the Court about the fairness of the settlement. |

### 1. Why did I receive this notice?

You have received this notice because Defendants' records show that you worked at their Taormina and/or Ciao restaurants in Manhattan, at sometime between from December 14, 2009 and March 26, 2018.

## 2. What is a class action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Debra C. Freeman, United States Magistrate Judge of the United States District Court for the Southern District of New York, is presiding over this class action. Judge Freeman has not made any determination about who is right or wrong in this lawsuit.

## 3. Why is there a settlement?

Class Counsel analyzed and evaluated the claims made against Defendants in the Litigation, investigated Defendants' pertinent payroll policies, analyzed payroll data for Plaintiff and a sample of the potential Class Members and evaluated Defendants' ability to pay a judgment if Defendant were found to be liable. Based upon Class Counsel's analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel entered into this proposed settlement. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiff and the Class Members. Your estimated portion of the settlement will be based on the number of weeks you worked during the class period, after all attorneys' fees, costs, service payments and administrative charges have been paid.

## 4.     Payment to Class

If you do nothing, you will automatically be deemed to be part of the class settlement. You will be paid a proportionate share of the Settlement Fund based on a formula taking into account weeks you worked for Defendants during the period December 14, 2009 to March 26, 2018. Based on the Settlement Administrator's calculation, a Class member will receive approximately $[____] for each week worked during the relevant statutory period. If you would like information about the amount of your individual settlement payment, please contact the Settlement Administrator, Advanced Litigation Strategies, LLC, 30 East 39th Street, Second Floor, New York, New York, 10016, 212-661-0051.

Any uncashed settlement checks or service award checks and all amounts remaining in the fund six months after the mailing of settlement checks (after the payment of unforeseen administrative costs and expenses), shall revert to Defendants.

## 5.     Payment to Class Representative

The Settlement proposes that Plaintiff Giuseppe DiPalma, who took a lead role in this litigation and assisted in its resolution will receive a service payment of up to $10,000 in compensation for taking a leading role in this litigation, for his significant involvement and time in discovery for the benefit of the Class Members, subject to approval by the Court.

## 6.    Procedures

If you do nothing, you will automatically participate in the class settlement.  If you want to exclude yourself, please refer to Paragraph 7 hereto.

If the Court grants final approval of the Settlement, this action will end, and Class Members who do not opt out will release Defendants through March 26, 2018 from all claims asserted in the Complaint as described below.  This means that you cannot sue, continue to sue, or be party to any other lawsuit against Defendants regarding the released claims.  It also means that all of the Court's orders will apply to you and legally bind you.

The Release in the Settlement Agreement provides that:

      **(i)**      **With respect to claims under New York State law, you are releasing all of your wage and hour claims that could have been asserted, for the period December 14, 2009 through March 26, 2018 and**

      **(ii)**     **With respect to claims under federal law, you are releasing all of your wage and hour claims that could have been asserted, for the period December 14, 2012 through March 26, 2018.**

      **By not opting-out of this lawsuit, you will automatically be part of the class settlement for the New York State law claims.  By endorsing and depositing a settlement check, you will automatically be part of the collective class settlement for the federal law claims.**

## 7.    How Do I Exclude Myself From The Settlement?

If you do not want to participate in the class settlement, you must take steps to exclude yourself from this case.

If you want to exclude yourself, you must mail a written, signed statement to the Settlement Administrator stating "I opt out of the Taormina wage and hour settlement" and include your name, address, and telephone number ("Opt-out Statement").  To be effective, the Opt-out Statement must be mailed to the Settlement Administrator via First Class United States Mail, postage prepaid, and postmarked by [_____], 2018.

                      Settlement Administrator
                      Advanced Litigation Strategies, LLC
                      30 East 39th Street, Second Floor
                      New York, New York 10016

A sample opt-out form is attached to this notice.

If you exclude yourself from the Lawsuit and Settlement, you will NOT be allowed to object to the settlement as described in paragraph 12 below.

## 8. If I don't exclude myself from the settlement, can I sue Defendants for the same thing later?

No. By participating in the settlement, you give up any rights to sue Defendants under federal and state law with regard to the claims brought in this case or which could have been brought in this case.   If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case.  Remember, the exclusion deadline is [_____], 2018.

## 9. If I exclude myself, can I get money from this settlement?

No.  If you exclude yourself, you will not receive any money from this lawsuit.  But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims.

## 10. Do I have a lawyer in this case?

The law firm of Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, New York 10016, has been designated as legal counsel to represent you and the other Class Members. These lawyers are called Class Counsel.  You will not be charged separately for these lawyers. Their fees are being paid from the total settlement fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 11. How will the service providers be paid?

Class Counsel will ask the Court to approve payment of up to $175,000 (1/3 of the settlement fund established by Defendants) to them for attorneys' fees, plus additional costs and expenses to be determined.  The fees would pay Class Counsel for all work that they have performed in this action including filing briefs, engaging in discovery, investigating the facts, attending court conferences and negotiating and overseeing the settlement.

The Court has approved payment of $25,000 as fees to Advanced Litigation Strategies, LLC to administer the settlement.

## 12. How do I tell the Court that I don't like the settlement?

You can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims under New York Law unless you have submitted a valid and timely request for exclusion.  To object, you must send a letter saying that you object to the settlement of *Dipalma v. New Restart, Inc., et al*. Your statement must include all reasons for the objection and any supporting documentation in your possession.  Your statement must also include your name, address, and telephone number.

If you wish to present your objection at the fairness hearing described below, you must state your intention to do so in your written objection. Your statement should be as detailed as possible, as otherwise the court may not allow you to present reasons for your objection at the fairness hearing that you did not describe in your written objection.  Mail the objection to the Settlement Administrator via First-Class United States Mail to the address below.  Your objection will not be heard unless it is mailed to the Settlement Administrator via First Class United States Mail and post-marked by [_____], 2018.

> Settlement Administrator
> Advanced Litigation Strategies, LLC
> 30 East 39th Street, Second Floor
> New York, New York 10016

The Settlement Administrator will share your objection with Class Counsel and Defendants' counsel and your objection statement will be filed with the Court.

You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

## 13.  What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself from the settlement ("opting-out") is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you are not allowed to object because the case no longer affects you.

The Court will hold a hearing to decide whether to approve the settlement.  Class Counsel will answer questions the Judge may have.  You do not have to come to the hearing, but you are welcome to do so at your own expense.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend.  As long as you mailed your written objection on time, the Court will consider it.  If you do attend the hearing, it is possible that you will not be permitted to speak unless you timely object in writing as described above and notify the Court of your intention to appear at the fairness hearing.

## 14.  When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at [_____] a.m./p.m. on [_____], 2018, in Room [____] at the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York.

At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate.  If there are objections, the Court will consider them.   The Judge will listen to people who have asked to speak at the hearing.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

## 15.  Are there more details about the settlement?

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement. You can review the settlement agreement by asking for a copy of the Settlement Agreement by writing or calling the Settlement Administrator.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

GIUSEPPE DIPALMA, on behalf of himself
and others similarly situated,

Plaintiff,

-against-

NEW RESTART INC. d/b/a TAORMINA,
NEW ORGANICO INC. d/b/a ORGANIKA,
SUD123 INCORPORATED d/b/a CIAO,
LOCAL 92 INC. d/b/a LOCAL 92,
MARCELLO
ASSANTE DICUPILLO, ZEHUA
DICUPILLO
and ZEHAVA AMIEL,

Defendants.

------------------------------------------------------------x

Civil Action No.: CV 15-9753

**Freeman, M.J.**

## OPT OUT FORM

**Complete and mail this Opt Out Form by [_____], 2016 to:**

Settlement Administrator
Advanced Litigation Strategies, LLC
30 East 39th Street, Second Floor
New York, New York 10016

**I DO NOT WANT TO JOIN THE LAWSUIT** pending in the United States District

Court for the Southern District of New York, Case No. 15-cv-9753.

**IF YOU SEND IN THIS FORM YOU WILL NOT RECEIVE ANY MONEY FROM THE**

**SETTLEMENT.**

Date: _____

_____
Signature

_____
Print Name

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46

EXHIBIT B

[Confessions of Judgment - Federal]

**UNITED STATES DISTRICT COURT**
**SOUTHERNDISTRICT OF NEW YORK**

GIUSEPPE DIPALMA,

            Plaintiff,

      - against –

NEW RESTART, INC., et al.,

           Defendants.

DOCKET NO. 15-cv-9753

AFFIDAVIT OF CONFESSION OF JUDGMENT

**STATE OF NEW YORK**       }
                         } ss.:
**COUNTY OF _____**  }

      MARCELLO ASSANTE DICUPILLO (the "Undersigned") being duly sworn, does depose and say:

1. I am a principal of SUD123 INCORPORATED (the "Entity Defendant").

2. I am authorized to execute this Affidavit of Confession of Judgment on behalf of SUD123 INCORPORATED.

3. The Entity Defendant hereby confesses judgment and authorizes entry of judgment against the Entity Defendant in the sum of One Million, Fifty Thousand ($1,050,000) Dollars, less any payments already made pursuant to the terms of the Settlement Agreement and Release (the "Agreement") between the Plaintiff and the Defendants in the above-captioned action (provided that the amount of confessed judgment in no event be reduced to below $50,000), together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C. § 1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923 and 1924, and reasonable attorneys fees and interest, computed as provided in 28 U.S C. § 1961 incurred in entering and enforcing the judgment.

4. This confession of judgment is for a debt justly due to Plaintiff pursuant to the Agreement, and the Defendants' default in payment under the Agreement.

1

5.  This confession of judgment may only be filed by Plaintiff's counsel, C.K. Lee Esq., pursuant to the terms of the Agreement.

## CONFESSION BY SUD123 INCORPORATED

**SUD123 INCORPORATED**

_____

MARCELLO ASSANTE DICUPILLO                    Dated: _____ , 2018

## ACKNOWLEDGMENT

On this _____ day of February, 2018 before me personally came MARCELLO ASSANTE DICUPILLO and that he/she, as such, being authorized so to do, executed the foregoing instrument for the purpose therein contained, by signing his/her name.

Sworn to before me
this _____ day of February, 2018

_____

Notary Public

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GIUSEPPE DIPALMA, | |
| Plaintiff, | |
| - against – | DOCKET NO. 15-cv-9753 |
| NEW RESTART, INC., et al., | AFFIDAVIT OF CONFESSION OF JUDGMENT |
| Defendants. | |

**STATE OF NEW YORK**  }
  } ss.:
**COUNTY OF** _____  }

ZEHAVA AMIEL (the "Undersigned") being duly sworn, or through and by a duly sworn representative with authority to bind the Undersigned, does depose and say:

1. That I make this affidavit on my own behalf.

2. That I reside at 92 2nd Avenue, Apartment 6, New York, New York 10003.

3. On or about December 14, 2015, Plaintiff filed a lawsuit in the above-captioned proceed which alleged wage-hour violations against Defendants under the Fair Labor Standards Act and New York Labor Law.

4. Although denying any liability or wrongdoing, in or around February 2018 Plaintiff and Defendants entered into and executed a Settlement Agreement and Release (the "Agreement") providing for payments as set forth in the Agreement.

5. If Defendants fail to timely make any of the settlement payments as set forth in the Agreement, Plaintiff may, with notice or demand, as noted below, declare the outstanding sum then unpaid immediately due and payable. To exercise this right, Plaintiff's counsel shall notify me in writing by regular mail at 92 2nd

1

Avenue, Apartment 6, New York, New York 10003, with a copy to Defendants' counsel in writing, by regular mail and/or email, at the offices of Defendants' counsel, Felice B. Ekelman, Esq. and Douglas J. Klein, Esq., Jackson Lewis P.C., 666 Third Avenue, 29th Floor, New York, New York 10017, ekelmanf@jacksonlewis.com and douglas.klein@jacksonlewis.com, of Plaintiff's intent to do so.    Defendants shall have ten (10) calendar days to remedy any such default.

6.  If Defendants do not remedy the default within ten (10) calendar days of Defendants' attorney receiving notice described above, the Undersigned hereby confesses judgment, and authorizes entry of judgment against ZEHAVA AMIEL in the sum of One Million Fifty Thousand Dollars ($1,050,000) Dollars, less any payments already made pursuant to the terms of the Agreement and any amounts already collected as against any of the other Defendants pursuant to a Confession of Judgment (provided that the amount of confessed judgment in no event be reduced to below twice the outstanding balance of the Settlement Amount), together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C. § 1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923 and 1924, and reasonable attorneys' fees and interest, computed as provided in 28 U.S C. § 1961 incurred in entering and enforcing the judgment.

7.  This confession of judgment is for a debt justly due to Plaintiff pursuant to the Agreement, and the Defendants' default in payment under the Agreement.

8.  This confession of judgment may only be filed by Plaintiff's counsel, C.K. Lee Esq., pursuant to the terms of the Agreement.

## CONFESSION BY ZEHAVA AMIEL

_____

**ZEHAVA AMIEL**                    Dated: _____ , 2018

## ACKNOWLEDGMENT

On this _____ day of February 2018 before me personally came ZEHAVA AMIEL and that he, as such, being authorized so to do, executed the foregoing instrument for the purpose therein contained, by signing his name.

Sworn to before me
this _____ day of February, 2018

_____

Notary Public

**UNITED STATES DISTRICT COURT**
**SOUTHERNDISTRICT OF NEW YORK**

GIUSEPPE DIPALMA,

               Plaintiff,

      - against –

NEW RESTART, INC., et al.,

               Defendants.

DOCKET NO. 15-cv-9753

AFFIDAVIT OF CONFESSION OF
JUDGMENT

**STATE OF NEW YORK**      }
                           } **ss.:**
**COUNTY OF** _____  }

     MARCELLO ASSANTE DICUPILLO (the "Undersigned") being duly sworn, does depose and say:

1. I am a principal of New Restart Inc. (the "Entity Defendant").

2. I am authorized to execute this Affidavit of Confession of Judgment on behalf of New Restart Inc.

3. The Entity Defendant hereby confesses judgment and authorizes entry of judgment against the Entity Defendant in the sum of One Million, Fifty Thousand ($1,050,000) Dollars, less any payments already made pursuant to the terms of the Settlement Agreement and Release (the "Agreement") between the Plaintiff and the Defendants in the above-captioned action (provided that the amount of confessed judgment in no event be reduced to below $50,000), together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C. § 1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923 and 1924, and reasonable attorneys fees and interest, computed as provided in 28 U.S C. § 1961 incurred in entering and enforcing the judgment.

4. This confession of judgment is for a debt justly due to Plaintiff pursuant to the Agreement, and the Defendants' default in payment under the Agreement.

5. This confession of judgment may only be filed by Plaintiff's counsel, C.K. Lee Esq., pursuant to the terms of the Agreement.

**<u>CONFESSION BY NEW RESTART, INC.</u>**

NEW RESTART, INC.

_____
MARCELLO ASSANTE DICUPILLO                     Dated: _____ , 2018

**ACKNOWLEDGMENT**

On this _____ day of February, 2018 before me personally came MARCELLO ASSANTE DICUPILLO and that he/she, as such, being authorized so to do, executed the foregoing instrument for the purpose therein contained, by signing his/her name.

Sworn to before me
this _____ day of February, 2018

_____
Notary Public

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GIUSEPPE DIPALMA, | |
| Plaintiff, | |
| - against – | DOCKET NO. 15-cv-9753 |
| NEW RESTART, INC., et al., | AFFIDAVIT OF CONFESSION OF JUDGMENT |
| Defendants. | |

**STATE OF NEW YORK**          }
                              } ss.:
**COUNTY OF** _____  }

MARCELLO ASSANTE DICUPILLO (the "Undersigned") being duly sworn, or through and by a duly sworn representative with authority to bind the Undersigned, does depose and say:

1.  That I make this affidavit on my own behalf.

2.  That I reside at 92 2nd Avenue, Apartment 6, New York, New York 10003.

3.  On or about December 14, 2015, Plaintiff filed a lawsuit in the above-captioned proceed which alleged wage-hour violations against Defendants under the Fair Labor Standards Act and New York Labor Law.

4.  Although denying any liability or wrongdoing, in or around February 2018 Plaintiff and Defendants entered into and executed a Settlement Agreement and Release (the "Agreement") providing for payments as set forth in the Agreement.

5.  If Defendants fail to timely make any of the settlement payments as set forth in the Agreement, Plaintiff may, with notice or demand, as noted below, declare the outstanding sum then unpaid immediately due and payable.  To exercise this right, Plaintiff's counsel shall notify me in writing by regular mail at 92 2nd

1

Avenue, Apartment 6, New York, New York 10003, with a copy to Defendants' counsel in writing, by regular mail and/or email, at the offices of Defendants' counsel, Felice B. Ekelman, Esq. and Douglas J. Klein, Esq., Jackson Lewis P.C., 666 Third Avenue, 29th Floor, New York, New York 10017, ekelmanf@jacksonlewis.com and douglas.klein@jacksonlewis.com, of Plaintiff's intent to do so. Defendants shall have ten (10) calendar days to remedy any such default.

6. If Defendants do not remedy the default within ten (10) calendar days of Defendants' attorney receiving notice described above, the Undersigned hereby confesses judgment, and authorizes entry of judgment against MARCELLO ASSANTE DICUPILLO in the sum of One Million Fifty Thousand Dollars ($1,050,000) Dollars, less any payments already made pursuant to the terms of the Agreement and any amounts already collected as against any of the other Defendants pursuant to a Confession of Judgment (provided that the amount of confessed judgment in no event be reduced to below twice the outstanding balance of the Settlement Amount), together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C. § 1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923 and 1924, and reasonable attorneys' fees and interest, computed as provided in 28 U.S C. § 1961 incurred in entering and enforcing the judgment.

7. This confession of judgment is for a debt justly due to Plaintiff pursuant to the Agreement, and the Defendants' default in payment under the Agreement.

8. This confession of judgment may only be filed by Plaintiff's counsel, C.K. Lee Esq., pursuant to the terms of the Agreement.

## <u>CONFESSION BY MARCELLO ASSANTE DICUPILLO</u>

_____

MARCELLO ASSANTE DICUPILLO                Dated: _____ , 2018

### ACKNOWLEDGMENT

On this _____ day of February 2018 before me personally came MARCELLO ASSANTE DICUPILLO and that he, as such, being authorized so to do, executed the foregoing instrument for the purpose therein contained, by signing his name.


Sworn to before me

this _____ day of February, 2018


_____

Notary Public

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

EXHIBIT C

[Confessions of Judgment - State]

4837-9226-2491, v. 1

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

| | |
|---|---|
| GIUSEPPE DIPALMA,<br><br>Plaintiff,<br><br>- against –<br><br>NEW RESTART, INC., et al,<br><br>Defendants. | INDEX NO. _____<br><br><br>AFFIDAVIT OF CONFESSION OF<br>JUDGMENT |

**STATE OF NEW YORK** }
                       } ss.:
**COUNTY OF NEW YORK** }

SUD123 INCORPORATED  (the "Entity Defendant"), being duly sworn, or through and by a duly sworn representative with authority to bind the Entity Defendant, does depose and say: that deponent Entity Defendant is authorized to make this affidavit on behalf of itself herein.

The Entity Defendant hereby confesses Judgment herein and authorizes entry thereof against the Entity Defendant in the sum of $1,050,000, less any payments already made pursuant to the terms of the Settlement Agreement and Release ("Settlement Agreement") between the Plaintiff and the Defendants in the United States District Court, Southern District of New York action entitled "Dipalma v. New Restart, Inc., et al., Docket No. 15-cv-9753" (the "Default Balance"), (provided the amount of confessed judgment in no even be reduced to $50,000.

This confession of judgment is for a debt justly due and owing to Plaintiff arising from the following facts:

An action was commenced by the Plaintiff against the Defendants above captioned in the United States District Court for the Southern District of New York for the payment of certain claimed overtime wages and other penalties under the Fair Labor Standards Act as well as the New York State Labor Law.  That action was settled pursuant to a Settlement Agreement which provided for payments in installments, and in reliance thereon, the District Court action was discontinued.  Now, the said Defendants having defaulted in payments pursuant to the terms of that agreement, judgment may be entered in the sum of $1,050,000, provided however that Plaintiff's counsel, C.K. Lee, Esq., shall submit an affirmation together with any application for the entry of judgment hereon, and in such affirmation he shall recite that no payments have been made pursuant to the agreement, or, to the extent that payments have been made prior to the application for the entry of judgment, he shall state the amount thereof, and the said defendant shall be given credit therefore to be reflected in the judgment as entered hereunder, provided that the amount of confessed judgment in no event be reduced to less than twice the outstanding balance of the Settlement Amount.

This affidavit, if made in connection with an agreement for purchase for $1,500 or less of any commodities for any use other than a commercial or business use upon any plan of deferred payments whereby the price or cost is payable in two or more installments, was executed subsequent to the time a default occurred in the payment of an installment thereunder.

## CONFESSION BY SUD123 INCORPORATED

**SUD123 INCORPORATED**

_____
MARCELLO ASSANTE DICUPILLO                    Dated: February ____, 2018

### ACKNOWLEDGMENT

On this _____ day of February, 2018 before me personally came _____ and that he/she, as such, being authorized so to do, executed the foregoing instrument for the purpose therein contained, by signing his/her name.

Sworn to before me
this _____ day of February, 2018

_____
Notary Public

4841-3693-2189, v. 1

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

GIUSEPPE DIPALMA,

        Plaintiff,

    - against –

NEW RESTART, INC., et al.,

        Defendants.

INDEX NO. _____

AFFIDAVIT OF CONFESSION OF JUDGMENT

**STATE OF NEW YORK**    }
                        } ss.:
**COUNTY OF NEW YORK**    }

    ZEHAVA AMIEL (the "Undersigned") being duly sworn, or through and by a duly sworn representative with authority to bind the Undersigned, does depose and say: that deponent is authorized to make this affidavit on behalf of himself herein.

    The Undersigned hereby confesses Judgment herein and authorizes entry thereof against the Undersigned in the sum of $1,050,000, less any payments already made pursuant to the terms of the Agreement and any amounts already collected as against any of the other Defendants pursuant to a Confession of Judgment (provided that the amount of confessed judgment in no event be reduced to below twice the outstanding balance of the Settlement Amount), together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C. § 1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923 and 1924, and reasonable attorneys' fees and interest, computed as provided in 28 U.S C. § 1961 incurred in entering and enforcing the judgment.

    This confession of judgment is for a debt justly due and owing to Plaintiff arising from the following facts:

    An action was commenced by the Plaintiff against the Defendants above captioned in the United States District Court for the Southern District of New York for the payment of certain claimed overtime wages and other penalties under the Fair Labor Standards Act as well as the New York Labor Law.  That action was settled pursuant to a Settlement Agreement which provided for payments in installments, and in reliance thereon, the District Court action was discontinued.

4

Now, the said Defendants having defaulted in payments pursuant to the terms of that agreement, judgment may be entered in the sum of $1,050,000 less any payments already made pursuant to the terms of the Agreement and any amounts already collected as against any of the other Defendants pursuant to a Confession of Judgment (provided that the amount of confessed judgment in no event be reduced to below twice the outstanding balance of the Settlement Amount), together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C. § 1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923 and 1924, and reasonable attorneys' fees and interest, computed as provided in 28 U.S.C. § 1961 incurred in entering and enforcing the judgment.  Provided, however, that Plaintiff's counsel, C.K. Lee, Esq., shall submit an affirmation together with any application for the entry of judgment hereon, and in such affirmation he shall recite that no payments have been made pursuant to the agreement, or, to the extent that payments have been made prior to the application for the entry of judgment, he shall state the amount thereof, and the said defendant shall be given credit therefore to be reflected in the judgment as entered hereunder, provided that the amount of confessed judgment in no event be reduced to less than $50,000. This affidavit, if made in connection with an agreement for purchase for $1,500 or less of any commodities for any use other than a commercial or business use upon any plan of deferred payments whereby the price or cost is payable in two or more installments, was executed subsequent to the time a default occurred in the payment of an installment thereunder.

## CONFESSION BY ZEHAVA AMIEL

_____
**ZEHAVA AMIEL**                              Dated: _____ , 2018

## ACKNOWLEDGMENT

On this _____ day of February, 2018 before me personally came ZEHAVA AMIEL and that he, as such, being authorized so to do, executed the foregoing instrument for the purpose therein contained, by signing his name.

Sworn to before me
this _____ day of February 2018

_____
Notary Public

5

4815-7899-6573, v. 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| GIUSEPPE DIPALMA, | |
| Plaintiff, | |
| - against – | INDEX NO. _____ |
| NEW RESTART, INC., et al, | AFFIDAVIT OF CONFESSION OF |
| Defendants. | JUDGMENT |

| | |
|---|---|
| **STATE OF NEW YORK** | } |
| | } ss.: |
| **COUNTY OF NEW YORK** | } |

New Restart, Inc. (the "Entity Defendant"), being duly sworn, or through and by a duly sworn representative with authority to bind the Entity Defendant, does depose and say: that deponent Entity Defendant is authorized to make this affidavit on behalf of itself herein.

The Entity Defendant hereby confesses Judgment herein and authorizes entry thereof against the Entity Defendant in the sum of $1,050,000, less any payments already made pursuant to the terms of the Settlement Agreement and Release ("Settlement Agreement") between the Plaintiff and the Defendants in the United States District Court, Southern District of New York action entitled "Dipalma v. New Restart, Inc., et al., Docket No. 15-cv-9753" (the "Default Balance"), (provided the amount of confessed judgment in no even be reduced to $50,000.

This confession of judgment is for a debt justly due and owing to Plaintiff arising from the following facts:

An action was commenced by the Plaintiff against the Defendants above captioned in the United States District Court for the Southern District of New York for the payment of certain claimed overtime wages and other penalties under the Fair Labor Standards Act as well as the New York State Labor Law.  That action was settled pursuant to a Settlement Agreement which provided for payments in installments, and in reliance thereon, the District Court action was discontinued.  Now, the said Defendants having defaulted in payments pursuant to the terms of that agreement, judgment may be entered in the sum of $1,050,000, provided however that Plaintiff's counsel, C.K. Lee, Esq., shall submit an affirmation together with any application for the entry of judgment hereon, and in such affirmation he shall recite that no payments have been made pursuant to the agreement, or, to the extent that payments have been made prior to the application for the entry of judgment, he shall state the amount thereof, and the said defendant shall be given credit therefore to be reflected in the judgment as entered hereunder, provided that the amount of confessed judgment in no event be reduced to less than twice the outstanding balance of the Settlement Amount.

3

This affidavit, if made in connection with an agreement for purchase for $1,500 or less of any commodities for any use other than a commercial or business use upon any plan of deferred payments whereby the price or cost is payable in two or more installments, was executed subsequent to the time a default occurred in the payment of an installment thereunder.

## CONFESSION BY NEW RESTART, INC.

NEW RESTART, INC.

_____
MARCELLO ASSANTE DICUPILLO                    Dated: February ___, 2018

## ACKNOWLEDGMENT

On this _____ day of February, 2018 before me personally came _____ and that he/she, as such, being authorized so to do, executed the foregoing instrument for the purpose therein contained, by signing his/her name.

Sworn to before me

this _____ day of February, 2018

_____
Notary Public

4843-1761-3148, v. 1

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

| | |
|---|---|
| GIUSEPPE DIPALMA,<br><br>Plaintiff,<br><br>- against –<br><br>NEW RESTART, INC., et al.,<br><br>Defendants. | INDEX NO. _____<br><br><br>AFFIDAVIT OF CONFESSION OF JUDGMENT |

**STATE OF NEW YORK**    }
                              } ss.:
**COUNTY OF NEW YORK**    }

MARCELLO ASSANTE DICUPILLO (the "Undersigned") being duly sworn, or through and by a duly sworn representative with authority to bind the Undersigned, does depose and say: that deponent is authorized to make this affidavit on behalf of himself herein.

The Undersigned hereby confesses Judgment herein and authorizes entry thereof against the Undersigned in the sum of $1,050,000, less any payments already made pursuant to the terms of the Agreement and any amounts already collected as against any of the other Defendants pursuant to a Confession of Judgment (provided that the amount of confessed judgment in no event be reduced to below twice the outstanding balance of the Settlement Amount), together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C. § 1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923 and 1924, and reasonable attorneys' fees and interest, computed as provided in 28 U.S C. § 1961 incurred in entering and enforcing the judgment.

This confession of judgment is for a debt justly due and owing to Plaintiff arising from the following facts:

An action was commenced by the Plaintiff against the Defendants above captioned in the United States District Court for the Southern District of New York for the payment of certain claimed overtime wages and other penalties under the Fair Labor Standards Act as well as the New York Labor Law. That action was settled pursuant to a Settlement Agreement which provided for payments in installments, and in reliance thereon, the District Court action was discontinued.

Now, the said Defendants having defaulted in payments pursuant to the terms of that agreement, judgment may be entered in the sum of $1,050,000 less any payments already made pursuant to the terms of the Agreement and any amounts already collected as against any of the other Defendants pursuant to a Confession of Judgment (provided that the amount of confessed judgment in no event be reduced to below twice the outstanding balance of the Settlement Amount), together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C. § 1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923 and 1924, and reasonable attorneys' fees and interest, computed as provided in 28 U.S.C. § 1961 incurred in entering and enforcing the judgment. Provided, however, that Plaintiff's counsel, C.K. Lee, Esq., shall submit an affirmation together with any application for the entry of judgment hereon, and in such affirmation he shall recite that no payments have been made pursuant to the agreement, or, to the extent that payments have been made prior to the application for the entry of judgment, he shall state the amount thereof, and the said defendant shall be given credit therefore to be reflected in the judgment as entered hereunder, provided that the amount of confessed judgment in no event be reduced to less than $50,000. This affidavit, if made in connection with an agreement for purchase for $1,500 or less of any commodities for any use other than a commercial or business use upon any plan of deferred payments whereby the price or cost is payable in two or more installments, was executed subsequent to the time a default occurred in the payment of an installment thereunder.

## CONFESSION BY MARCELLO ASSANTE DICUPILLO

_____
MARCELLO ASSANTE DICUPILLO                    Dated: _____ , 2018

## ACKNOWLEDGMENT

On this _____ day of February, 2018 before me personally came MARCELLO ASSANTE DICUPILLO and that he, as such, being authorized so to do, executed the foregoing instrument for the purpose therein contained, by signing his name.

Sworn to before me
this _____ day of February 2018

_____
Notary Public

4839-6529-1612, v. 1