IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/14/18

| | |
|---|---|
| GIUSEPPE DIPALMA, on behalf of himself and others similarly situated,<br><br>                      Plaintiff,<br><br>v.<br><br>NEW RESTART INC. d/b/a TAORMINA, NEW ORGANICO INC. d/b/a ORGANIKA, SUD123 INCORPORATED d/b/a CIAO, LOCAL 92 INC. d/b/a LOCAL 92, MARCELLOASSANTE DICUPILLO, ZEHUA DICUPILLO and ZEHAVA AMIEL,<br><br>                      Defendants. | No. 15 CV 9753 |

### [~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFF'S PROPOSED NOTICE OF SETTLEMENT

The above-entitled matter came before the Court on Plaintiff's Motion for Preliminary Approval of Class Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of Plaintiff's Proposed Notice of Settlement ("Motion for Preliminary Approval"). Defendants do not oppose the motion.

### I.     Preliminary Approval of Settlement

1. Based upon the Court's review of the Plaintiff's Memorandum of Law in Support of his Motion for Preliminary Approval, Declaration of C.K. Lee ("Lee Declaration"), and all other papers submitted in connection with Plaintiff's Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement") between Plaintiff and Defendants attached to the Lee Declaration as **Exhibit A**, and "so orders" all of its terms.

1

2.       The Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class is appropriate. The Court finds that the Settlement Agreement is the result of extensive, arms'-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions and the assistance of an experienced mediator, Martin Scheinman.

3.       Courts should grant preliminary approval where the settlement agreement has "no obvious defects." *See Alli v. Boston Market Corp.*, No. 10 Civ. 4, at 6 (D. Conn. December 8, 2011). The Court finds that the settlement presented here has "no obvious defects" that prevent preliminary approval.

## II.     Conditional Certification of the Proposed Rule 23 Settlement Class

4.       For settlement purposes only, the Court provisionally certifies a class of the named Plaintiff and approximately 250 current and former non-exempt employees employed at New Restart, Inc. d/b/a Taormina and Sud123, Inc. d/b/a Ciao in Manhattan, from December 14, 2009 through March 26, 2018, and who do not opt-out of the class.

5.       For settlement purposes only, Plaintiff meets all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

6.       For settlement purposes only, the Court appoints Lee Litigation Group, PLLC as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

7.       For settlement purposes only, the Court approves of Advanced Litigation Strategies, LLC, an administration company under common control of Class Counsel, as settlement administrator.

## IV.    Notices

8.       The Court approves the Proposed Notice of Proposed Settlement of Class Action

Lawsuit and Fairness Hearing ("Proposed Class Notice"), and directs its distribution to the Class.

## V.  Class Action Settlement Procedure

The Court hereby adopts the following settlement procedure:

a. Within 30 days of the date of this Order, the Claims Administrator shall mail the Notices to Class Members;

b. Class Members will have 45 days from the date the Notice is mailed to opt out of the settlement or object to it;

c. Plaintiffs will file a Motion for Final Approval of Settlement no later than 15 days before the fairness hearing;

d. The Court will hold a final fairness hearing on _September 12, 2018_ at _10:30_ a.m./~~p.m.~~ at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom 17A;

e. If the Court grants Plaintiff's Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be the date 30 days after entry of such Order;

f. If rehearing, reconsideration or appellate review is sought, the "Effective Date" shall be the day after all appeals are resolved in favor of final approval;

g. The Claims Administrator will disburse settlement checks to the Class Members, Class Counsel's attorneys' fees and expenses to Class Counsel, the Service Award, and the Claims Administrator's fee as provided in the Parties' Settlement Agreement; and

h. The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this _14th_ day of _May_, 2018

_____
Honorable Debra C. Freeman
United States Magistrate Judge